# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICHARD H. REDMAN,

                        Plaintiff,

v.

LORI DOEHLING and CHRISTINE DIETRICH,

                        Defendants.

Case No. 17-CV-239-JPS

**ORDER**

        Plaintiff, who is incarcerated at Redgranite Correctional Institution, filed a *pro se* complaint claiming his civil rights were violated. *See* (Docket #1). Before the Court is Plaintiff's motion to compel discovery responses and requesting the appointment of counsel. (Docket #18). For the reasons stated below, the motion will be denied in all respects.

**1.    Motion to Compel Discovery Responses**

        First, as to the discovery-related portion of the motion, Plaintiff's rambling complaints about Defendants' litigation conduct do not coherently present a basis for granting relief. The primary thrust of the motion seems to be that in order to produce medical records to Plaintiff, Defendants requested that he sign medical release authorization forms. (Docket #18 at 1). He took issue with some of the language in the proposed releases, and Defendants revised them and resent them. *Id.* at 1–2. Plaintiff accuses Defendants' counsel of purposefully delaying this revision process so as to run out the time for discovery. *See id.*

        These concerns do not warrant an order from the Court compelling Defendants to produce documents or otherwise respond to discovery. It

appears that Defendants are indeed happy to do so, if only Plaintiff would return a medical records release authorization. Further, Plaintiff is simply mistaken in his belief that should the August 25, 2017 discovery deadline pass, (Docket #13 at 2), Defendants will no longer serve any discovery responses. Assuming that Plaintiff's discovery requests were properly and timely served, the mere fact that the cut-off date passes will not obviate Defendants' obligation to respond. In fact, because the dispositive motion deadline is not until September 25, 2017, *id.*, the parties have a significant window of time in which to accommodate any straggling discovery matters. It should also be noted that Plaintiff's bare, speculative allegations of Defendants' malfeasance with respect to the discovery deadline are totally unsupported by the record.

Next, Plaintiff suggests in his motion that several prison officials (who are not defendants in this case) have been trying to inhibit his access to his medical records. (Docket #18 at 2–3). He does not identify what relief he would like the Court to provide, and his stream-of-consciousness narrative on the topic is not sufficient as a factually and legally supported request for relief in any event.

Finally, Plaintiff complains that he received responses to some of his discovery requests in late July, but that the responses "are nowhere near what they should be." *Id.* at 3. Again, this cursory complaint about the sufficiency of discovery responses falls well short of meeting Plaintiff's burden to show that an order compelling supplemental responses is warranted. *See Design Basics, Inc. v. Granite Ridge Builders, Inc.*, No. 1:06-CV-72, 2007 WL 1830809, at *2 (N.D. Ind. June 21, 2007) (noting that the initial burden rests on the party seeking discovery to explain how the

responses received are inadequate or incomplete) (citing James Wm. Moore, 7 Moore's Federal Practice § 37.05[5] (3rd ed.)). Nor is it clear from the record that Plaintiff engaged in meaningful efforts to meet and confer with Defendants in an effort to resolve his concerns prior to seeking the Court's intervention, as is required by the rules of this Court. *See* Fed. R. Civ. P. 37(a)(1); Civ. L. R. 37; *Williams v. Frank*, No. 06C1051, 2007 WL 1217358, at *1 (E.D. Wis. Apr. 19, 2007).

For these reasons, the Court must deny Plaintiff's motion to compel discovery responses.

**2.    Motion for Appointment of Counsel**

Plaintiff's alleged discovery dilemmas dovetail into his second request: that he needs the assistance of counsel to help deal with these issues. (Docket #18 at 4). Yet, as a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

The Seventh Circuit has emphasized that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 (quoting

*Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) (internal quotation omitted). Instead, "[t]he question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.*

As with his first motion for appointment of counsel, which the Court denied at the screening stage, (Docket #6), Plaintiff's instant request for counsel must be denied because, notwithstanding his efforts to obtain his own counsel, he has not presented any evidence or argument showing that he cannot litigate this matter competently on his own. First, he expresses frustration about the course of discovery thus far and claims that counsel will be better able to obtain the discovery he seeks. *See* (Docket #18 at 3–4). This is merely a complaint that counsel might be better at litigating than Plaintiff, but the Seventh Circuit has squarely rejected this sort of reasoning. *Pruitt*, 503 F.3d at 655. Plaintiff has not submitted any evidence that he suffers from cognitive, behavioral, or other limitations affecting his ability to present his arguments in a cogent fashion. *See Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014). All his filings and submissions so far in this case suggest that the opposite is true.

Second, Plaintiff asks the Court to reconsider the grounds for appointment of counsel he raised in his first motion. (Docket #18 at 4). The Court already considered those reasons and rejected them. For instance, Plaintiff's low education level, lack of legal training, and the difficulties inherent in litigating a matter from behind prison bars are not reasons that Plaintiff is unable to litigate this matter himself. They are instead simply

reasons that counsel might do better. *Pruitt*, 503 F.3d at 655. Further, to the extent Plaintiff claims that the medical issues in this case are too complex for him to comprehend, (Docket #3 at 3), the Court does not agree. Plaintiff has demonstrated a good knowledge of the medical issues in play, and those issues do not render the case insurmountably complex. Finally, regarding Plaintiff's citation to the difficulties of trial practice and cross-examination, *id.* at 3–4, those concerns about the future do not require that counsel be appointed at this time.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel discovery responses and second motion for appointment of counsel (Docket #18) be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge