# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICHARD REDMAN,

                Plaintiff,

v.

LORI DOEHLING and CHRISTINE DIETRICH,

                Defendants.

Case No. 17-CV-239-JPS

**ORDER**

      Plaintiff, who is incarcerated at Redgranite Correctional Institution, filed a *pro se* complaint claiming his civil rights were violated. *See* (Docket #1). On September 25, 2017, each Defendant filed a separate motion for summary judgment. (Docket #27, #34). On October 4, 2017, Plaintiff filed a motion requesting that certain alleged procedural deficiencies in Defendants' submissions be addressed or, in the alternative, that the motions be stricken. (Docket #40). He further requested that Defendants' motions be held in abeyance until the claimed deficiencies are ameliorated. *Id.*

      Plaintiff will be granted a short extension to respond to the motions, but he presents no viable basis for striking them in their entirety. First, he claims that none of the documents served on him were signed. *Id.* at 1. However, documents that are filed electronically with the Court do not need an inked signature to be considered validly signed. The papers filed with the Court all bear electronic signatures, which is all that is required by Federal Rule of Civil Procedure 11 or any of the Court's Local Rules, especially in a case like this one, where Plaintiff's objection is

technical and raises no real doubt as to the authenticity of any of Defendants' submissions. *See Magyar v. Saint Joseph Reg'l Med. Ctr.*, 544 F.3d 766, 770 (7th Cir. 2008).

Second, Plaintiff complains that Defendants cited unpublished opinions in their briefs without providing copies of them. (Docket #40 at 2). Plaintiff says that, as an inmate, he cannot access electronic case research services and so cannot retrieve unpublished cases. *Id.* Defendants represent that they have now mailed copies of all the unpublished cases they cited. (Docket #42). The oversight having been quickly rectified, there is no reason for the Court to take the drastic step of striking the motions.

Third, Plaintiff contends that Defendant Lori Doehling's submissions were confusing to him, as they were printed on both sides of every piece of paper but not in any sort of organized fashion. (Docket #40 at 2). Defendant's counsel has reserved those papers with single-sided printing, (Docket #41), so again there is no longer any reason to strike the motions.

Fourth, Plaintiff claims that because Defendants each filed their own motion for summary judgment, he will be overburdened in responding to them. (Docket #40 at 2). The Court is not sympathetic, as Plaintiff chose to file a lawsuit against two individuals and cannot now complain that it will require an investment of time and effort to litigate this matter. This is not a colorable basis for either striking the motions or granting an extension of time to respond to them.

Fifth, Plaintiff says that Defendant Christine Dietrich references a declaration in her motion which is not attached thereto. *Id.* Defendant has clarified that the declaration in question is attached to Defendant

Doehling's motion. (Docket #42). The Court assumes this abates Plaintiff's confusion.

Sixth, Plaintiff objects to the disclosure of his financial information in connection with the declaration of Michelle Sonnentag. (Docket #40 at 3). Attached to the declaration is a copy of Plaintiff's prison trust account statement. Plaintiff cites no rule or other authority providing that his prison trust account statement must be protected from disclosure, and the Court notes that trust account statements are routinely filed on the public docket for purposes of determining whether a prisoner can proceed without prepayment of the filing fee. Plaintiff's concern with his financial privacy is not enough, standing alone, to warrant relief.

Finally, Plaintiff notes Defendants' assertion in their motions that he cannot sustain his state-law medical negligence claims without the testimony of a medical expert. *Id.* at 4–5. Plaintiff complains that without counsel, he lacks the resources to secure the necessary expert testimony. *Id.* Without commenting on the propriety of Defendants' defense to Plaintiff's state-law claims, the Court is not moved by Plaintiff's repackaging of his earlier requests for appointment of counsel, which this Court has now denied three times.

Congress has provided that indigent prisoners may file their cases without prepaying the associated fees. *See Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002). However, there is no such authority supporting the appointment of a medical expert for a prisoner free of charge. *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009) (noting that "granting of IFP status exempts litigants from filing fees only. It does not exempt litigants from the costs of copying and filing documents; service of

documents other than the complaint; costs; expert witness fees; or sanctions.") (internal citations omitted). As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). Plaintiff will not be appointed counsel so that counsel may expend his or her own resources to fund Plaintiff's case.

Because Plaintiff presents no good reason to strike Defendants' motions for summary judgment, the Court declines to do so. However, because of the time expended in rectifying some of the purported procedural lapses in Defendants' submissions, the Court will grant Plaintiff a brief extension of time to respond to their motions. Plaintiff shall file his responses to Defendants' motions no later than **November 20, 2017**.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to strike Defendants' motions for summary judgment or to hold them in abeyance (Docket #40) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file responses to Defendants' motions for summary judgment no later than **November 20, 2017. No further extensions of that deadline will be considered.**

Dated at Milwaukee, Wisconsin, this 12th day of October, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge